AMY, J.,
dissenting.
LI respectfully dissent from the majority opinion as I find that a reversal is required. Importantly, Louisiana Revised Statutes 47:337.29(A)(1) specifically provides requires a “dealer” to maintain certain records regarding tangible property sold at retail, including invoices. See also La.Admin.Code Title 61, Part 1 § 4359 (requiring the retention of all sales invoices as well as records pertaining to the services performed for/by others, among other records, necessary for the determination of the correct tax liability). Thus, in my opinion, the trial court erred in determining that the tax collector was required to demonstrate that the bank records relied upon by the taxpayer, alone, did not constitute suitable records. Instead, La.R.S. 47:337.29(A)(1) clearly anticipates the retention of more specific inventory, sales, and service records.
Given the absence of suitable records, and in light of the tax collector’s determination that the taxpayer’s previously-filed returns were grossly inadequate, |2La.R.S. 47:337.28(A) permits the tax collector to estimate the retail sales. In this case, the taxpayer did not, in turn, demonstrate that the tax collector’s estimate was not in compliance with the law. See La.R.S. 47:337.28.1(A).
Thus, finding error in the trial court’s appreciation of the burdens associated with the pertinent statutory guidance, I would reverse the trial court’s judgment on the merits as well as the attendant award of attorney fees. I would thereafter review the matter de novo and enter judgment reflecting taxes, interest, and penalties in favor of the tax collector. However, that ruling would reflect the trial court’s determination that the tax collector’s claims against Yesterdays of Lake Charles had prescribed for the tax years of 2005-06. In my opinion, the trial court was not manifestly erroneous in finding a lack of evidence/documentation of the suspension of prescription by the taxpayer. Neither do I find a judicial confession in that regard.
For these reasons, I respectfully dissent from the majority opinion.